STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO (State Bar No. 265347)
ALI FESHARAKI (State Bar No. 316559)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone: 310.556.5800
Facsimile: 310.556.5959
Email:  lacalendar@stroock.com

Attorneys for Defendant
  JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FOLEY, an individual, | Case No. **'19CV0453 WQHKSC** |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.** |
| JPMORGAN CHASE BANK, N.A., a national banking association; and DOES 1-10, | |
| Defendants. | |

NOTICE OF REMOVAL
Case No. _____

LA 52217108

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby removes the action entitled <u>Thomas Foley v. JPMorgan Chase Bank, N.A. et al.</u>, Case No. 37-2019-00006327-CU-NP-CTL, pending in the Superior Court of the State of California, County of San Diego (the "Action"), to the United States District Court for the Southern District of California on the following grounds:

1. <u>Removal Is Timely</u>.  The Complaint was served upon JPMC on February 5, 2019.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within 30 days of receipt by, and service on, JPMC of the Complaint, and within one year after "commencement of the action" in state court.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings filed in the Action are attached hereto as **Exhibit A**.

2. <u>This Court Has Removal Jurisdiction Over The Action</u>.  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by JPMC pursuant to the provisions of 28 U.S.C. § 1441.

3. Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law."  <u>Bright v. Bechtel Petroleum, Inc.</u>, 780 F.2d 766, 769 (1986) (citing <u>Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust</u>, 463 U.S. 1, 9 (1983)).  Stated differently, claims "arise under" federal law when a "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one

of the well-pleaded . . . claims." <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 808 (1988) (quoting <u>Franchise Tax Bd.</u>, 463 U.S. at 13, 27-28) (internal quotation marks and citations omitted).

4. Here, the Complaint filed by Plaintiff asserts five causes of action: (i) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 <u>et seq.</u>; (ii) violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 <u>et seq.</u>; (iii) intrusion upon seclusion; (iv) violation of California Business & Professions Code § 17200 <u>et seq.</u> ("§ 17200"); and (iv) breach of contract. (<u>See</u> Compl. ¶¶ 19-48.) Plaintiff's claims are predicated upon a direct violation of this specific federal law: 47 U.S.C. § 227. (<u>See</u> Compl. ¶¶ 9-17.) Based on the allegations of the Complaint, Plaintiff's right to relief on his TCPA claim necessarily depends on the resolution of substantial questions of federal law, including whether the alleged conduct violates 47 U.S.C. § 227. Therefore, this Court has removal jurisdiction over this Action under 28 U.S.C. § 1331 because Plaintiff's TCPA claim arises under the laws of the United States.

5. To the extent any other claims in the Action arise under state law, including Plaintiff's claims for breach of contract, intrusion upon seclusion, violation of the RFDCPA and violation of § 17200, supplemental jurisdiction over such claims would exist pursuant to 28 U.S.C. §§ 1367 and 1441(c) because those claims are so related to Plaintiff's TCPA claim that they form part of the same case or controversy.

6. <u>Consent Is Not Necessary Because There Are No Other Defendants</u>. JPMC is the only defendant in this case. Accordingly, consent of removal is not necessary and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b). <u>See</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (The general rule that "all defendants in a state action must join in the petition for removal . . . [applies] only to defendants properly joined and served in the action.").

- 2 -

NOTICE OF REMOVAL
Case No. _____

LA 52217108

7. <u>Venue Is Proper In This Court</u>.  This Court is the proper district court for removal because the Superior Court of the State of California for the County of San Diego is located within the United States District Court for the Southern District of California.  <u>See</u> 28 U.S.C. § 1441(a).

8. <u>Notice Will Be Effected</u>.  JPMC concurrently is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of San Diego, without exhibits.  JPMC will concurrently serve Plaintiff with copies of this Notice of Removal and the Notice filed in the Action.

Dated:  March 7, 2019

STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO
ALI FESHARAKI

By:  */s/ Arjun P. Rao*
         Arjun P. Rao

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2019 a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

                                          /s/ *Arjun P. Rao*
                                            Arjun P. Rao

<u>Via U.S. Mail</u>
Thomas Foley
555 Saturn Blvd., Ste. B-1021
San Diego, CA 92154

*In Pro Per*

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA 90067-3086

- 1 -

CERTIFICATE OF SERVICE
Case No. _____

LA 52217108